UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DERRICK D. BAKER, <br><br> Plaintiff, <br><br> v. <br><br> NURSE LINDSEY MORRISON, NURSE BRANDY, NURSE JASMINE, and NURSE JORDAN, <br><br> Defendants. | CAUSE NO.: 1:24-CV-70-TLS-JEM |

**OPINION AND ORDER**

Derrick D. Baker, a prisoner without a lawyer, filed a complaint. ECF No. 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Baker alleges that on or around January 30, 2024, on E Block at the Allen County Jail, he had a medical issue that caused him to be in extreme pain in his lower back and tailbone and to lose feeling in his left leg and foot. A correctional officer called for nursing staff to assess him, who came and found him lying facedown on the floor, unable to move.

The nurses rolled him onto his back, and Nurse Brandy conducted an examination. She first touched his left foot and leg several times to see if he could feel that, but he could not. She

also conducted a leg drop, raising his leg and letting it fall to the ground. Baker says this was done in a very professional manner.

Nurse Brandy reported her findings to the other nurses, including Nurse Lindsey Morrison. Nurse Morrison did not believe the findings and came herself to verify them. She believed Baker was faking and set out to prove it. She conducted the same exam as Nurse Brandy, but did so in a violent manner. She repeatedly stabbed him very hard in the leg with a sharp object. Several times, she raised his left leg very high and let it go so that his left heel would slam very hard into the concrete floor. This caused even more pain in his tail bone area. Nurse Brandy, Nurse Jordan, and Nurse Jasmine were present for this second examination.

Because of Nurse Morrison's rough examination, trying to prove that he was faking, Baker says he now walks with a limp and is unable to bear weight on his left foot without extreme pain. When he walks, it feels like he is being shocked and as if he stepped on a nail. He sues Nurse Morrison and the other nurses present during her exam for damages.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care.[1] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has

---

[1] Baker states in his complaint that when this happened, he was "serving a sentence and awaiting a sentence." ECF No. 1 at 4. Public records indicate that on November 27, 2023, he was sentenced to a term of imprisonment at the Indiana Department of Correction after pleading guilty to an escape charge. *See Indiana v. Baker*, No. 02D06-2302-F6-219 (Allen Super. Ct. decided Nov. 27, 2023), available at mycase.in.gov. He remains at the Allen County Jail pending resolution of other charges. *See Indiana v. Baker*, No. 02D06-2306-F3-41 (Allen Super. Ct. filed June 16, 2023); *Indiana v. Baker*, No. 02D06-2304-F2-20 (Allen Super. Ct. filed Apr. 17, 2023). Thus, Eighth Amendment standards apply to this case, and not the Fourteenth Amendment standards that apply to claims of pretrial detainees. *See Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)).

diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Baker plausibly alleges that he suffered from a serious medical need.

Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). A mere disagreement with medical professionals about the appropriate course of treatment does not establish deliberate indifference, nor does negligence or even medical malpractice. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Estelle*, 429 U.S. at 106. Here, Baker plausibly alleges that Nurse Morrison's examination fell below accepted professional standards, and he may proceed against her.

In addition, Baker may proceed against Nurse Brandy, Nurse Jasmine, and Nurse Jordan for failing to intervene to stop Nurse Morrison's examination. A state official can be held liable for failing to intervene in an Eighth Amendment violation if that official "had a realistic opportunity to intervene to prevent the harm from occurring." *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994); *see also Taylor v. Wexford Health Sources, Inc.,* No. 15 C 5190, 2016 WL 3227310, at *4–5 (N.D. Ill. June 13, 2016) ("[F]ailure to intervene is merely a theory of liability, not a claim, to establish the liability of the Medical Defendants if they did not directly participate in the challenged failure to provide medical care yet can be shown to have been aware of the denial, to have had a realistic opportunity to prevent it, and to not have intervened to prevent the

3

harm from occurring."). Baker may proceed against Nurse Brandy, Nurse Jasmine, and Nurse Jordan for witnessing the allegedly unconstitutional examination and not taking action to stop it.

For these reasons, the Court hereby:

(1) GRANTS Derrick D. Baker leave to proceed against Nurse Lindsey Morrison in her individual capacity for compensatory and punitive damages for deliberate indifference to his serious medical needs when conducting an examination on January 30, 2024, in violation of the Eighth Amendment;

(2) GRANTS Derrick D. Baker leave to proceed against Nurse Brandy, Nurse Jasmine, and Nurse Jordan in their individual capacities for compensatory and punitive damages for failing to intervene to prevent Nurse Morrison's allegedly unconstitutional examination on January 30, 2024, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the Clerk of Court, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Lindsey Morrison, Nurse Brandy, Nurse Jasmine, and Nurse Jordan at Quality Correctional Care, LLC, with a copy of this order and the complaint [ECF No. 1];

(5) ORDERS Quality Correctional Care, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Nurse Lindsey Morrison, Nurse Brandy, Nurse Jasmine, and Nurse Jordan to respond, as provided for in the Federal Rules of Civil

Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the Plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 22, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT